Plaintiff in this contract case, pro se, seeks reversal of a decision by the General Services Administration Board of Contract Appeals (board), 75-2 bca ¶ 11,423, reconsid. denied, 75-2 bca ¶ 11,625 (gsbca No. 4146-R). Plaintiff has moved for summary judgment and defendant has crossmoved. We grant defendant’s motion for summary judgment.
The original contract between plaintiff and the gsa was entered into on October 2, 1973. Shortly thereafter, defen *935 dant solicited a proposal from plaintiff for a change in plans. Plaintiff, contrary to requirements in the contract and request for change, submitted a single figure with no breakdown. Defendant notified plaintiff to proceed, on the assumption that the changes would not cost in excess of the quoted figure and that a properly documented proposal would follow. What followed from plaintiff was an itemized list of expenses, totaling $2,721 as before, but which still failed to specify materials or labor costs and failed to consider credits for original work no longer necessary. This too was rejected and, plaintiff refusing to be more specific, defendant prepared its own estimate. That considerably lower figure, $449, was accepted by the contracting officer and affirmed by the board.
Plaintiffs claim here also involves another element, however. The original contract price was $19,367. The Government only made one payment on it, of $13,181. The offsets were due to certain lateness and other penalties. Plaintiff argues to the court that this difference of $6,186[1] is still due him and demands judgment for it.
Taking the latter claim first, it must be dismissed for failure to exhaust administrative remedies. The reasons for the offsets are matters within the purview of the Disputes clause. Plaintiff is therefore required to exhaust his administrative remedies under the clause before coming to this court. Ace Constr. Co. v. United States, 185 Ct. Cl. 487, 500, 401 F.2d 816, 823 (1968). See generally Nager Electric Co. v. United States, 177 Ct. Cl. 234, 242-44, 368 F.2d 847, 853-54 (1966). These issues were not presented to the board.
The issue that the board did consider was the proper amount due for the changes. Plaintiff alleges no error of law in the board’s decision and our review under the Wunderlich Act of the board’s findings of fact is very limited. 41 U.S.C. §§ 321-322 (1976); Koppers Co. v. United States, 186 Ct. Cl. 142, 147-51, 405 F.2d 544, 556-59 (1968). Plaintiff offers no facts or factual allegations not before the *936 board and considered by it. Seeing no errors of fact or law otherwise, we must affirm the board.[2]
it is therefore ordered, after careful consideration of the parties’ submissions and without oral argument, that plaintiffs motion for summary judgment is denied, defendant’s cross-motion for summary judgment is granted, and the petition is dismissed. This order does not prejudice rights that plaintiff otherwise has to pursue administrative remedies for the offsets against the contract amount and thereafter to seek appropriate judicial review.

 Plaintiff demands $8,907 plus interest. The figure $8,907 is arrived at by adding $6,186 (the difference on the original price) and $2,272 (the amount plaintiff claims as costs of the change) and $449 (the amount the board found due on the change). This overstates defendant’s liability by $449 even on plaintiffs theory.

 To clarify the amounts of money involved in this case, the proper equation is as follows: $19,367 (original contract price) PLUS $449 (amount board permitted for change) EQUALS $19,816 (total price of contract); $19,816 LESS $885 (liquidated damages, as to which no administrative remedies were pursued) and LESS $5,750 (penalties, also not pursued) EQUALS $13,181 (the amount defendant has paid). Unless plaintiff pursues his administrative remedies on the liquidated damages and penalties — and is successful-defendant has fully paid plaintiff what is owed under the contract.